William Green -- SBN 129816
DELFINO GREEN & GREEN
1010 B Street, Suite 320
San Rafael, CA 94901
Telephone: (415) 442-4646
Facsimile: (415) 442-4802

Attorneys for Plaintiff, ASHLEY MATCHETT WOODS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY MATCHETT WOODS<br><br>Plaintiff,<br><br>v.<br><br>CIGNA GROUP INSURANCE. and DOREMUS & COMPANY<br><br>Defendants. | Case No.: 1299<br><br>**COMPLAINT FOR BENEFITS UNDER LONG TERM DISABILITY EMPLOYEE BENEFIT PLAN** |

Plaintiff, ASHLEY MATCHETT WOODS, alleges as follows:

1.  This action is brought under 29 U.S.C. §§ 1132(a), (e) and (f), §§ 502(a), (e) and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA").

2.  The events or omissions giving rise to plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2).

3.  Defendant, CIGNA GROUP INSURANCE, is an entity of unknown form, an ERISA Plan, the administrator of an ERISA plan, and/or an employee welfare benefit plan established by plaintiff's employer, DOREMUS & COMPANY.

1

COMPLAINT FOR BENEFITS UNDER LONG-TERM
DISABILITY EMPLOYEE BENEFIT PLAN

4. Defendant, DOREMUS and COMPANY is an entity of unknown form, plaintiff's employer, an ERISA Plan, the administrator of an ERISA plan, and/or an employee welfare benefit plan ("the Plan"). (CIGNA GROUP INSURANCE and DOREMUS and COMPANY are collectively referred to herein as "DEFENDANTS.")

5. At all times relevant, plaintiff ASHLEY MATCHETT WOODS ("WOODS") was a resident of the County of Marin County, California and a participant in the Plan.

6. The Plan provides long-term disability income insurance to employees who become disabled, in an amount equal to 60% of the employee's gross monthly earnings.

7. Before becoming disabled, WOODS worked as an Account Director at DOREMUS and COMPANY.

8. While the plan was in effect, WOODS became, and remains, totally disabled as defined in the Plan. WOODS has been and continues to be disabled due to System Lupus Erythematosus and the symptoms thereof.

9. After she became disabled as defined in the plan, WOODS tendered a claim to DEFENDANTS. Defendant denied WOODS's claim and refused to pay Long Term Disability benefits to her. WOODS appealed the wrongful denial of her claim for benefits and DEFENDANTS refused to reverse the decision. WOODS appealed the denial of her first appeal and DEFENDANTS again refused to reverse the decision.

10. DEFENDANTS' decisions and determinations with respect to WOODS's claim, as set forth herein, were wrongful, unreasonable, irrational, sorely contrary to the evidence, contrary to the terms of the Plan, the policy and contrary to law.

11. As a direct and proximate result of the DEFENDANTS' decisions and determinations, WOODS has been deprived of said benefits from the time of DEFENDANTS denial to the present date.

12. As a further direct and proximate result of the denial of benefits, WOODS has been required to incur attorney fees to pursue this action, and is entitled to have such fees paid by DEFENDANTS pursuant to 29 U.S.C. § 1132(g) (1), ERISA § 502(g) (1).

2

COMPLAINT FOR BENEFITS UNDER LONG-TERM
DISABILITY EMPLOYEE BENEFIT PLAN

1  13.    In determining both the claim and the appeal, DEFENDANTS operated under a
2 conflict of interest.

3  14.    A controversy now exists between DEFENDANTS and WOODS as to whether
4 WOODS is entitled to receive the Long Term Disability payments that were wrongfully withheld
5 from her by DEFENDANTS; (2) whether DEFENDANTS must compensate WOODS for any
6 and all attorney fees she has been forced to incur to rectify the problems caused by
7 DEFENDANTS' baseless position on these issues.

8  14.    WOODS seeks the declaration of this Court that: (1) she is entitled to receive the
9 Long Term Disability payments that were wrongfully withheld from her by DEFENDANTS;
10 (2) DEFENDANTS must compensate WOODS for any and all attorney fees she has been forced
11 to incur to rectify the problems caused by DEFENDANTS' baseless position on these issues.

12      WHEREFORE, WOODS prays for relief against DEFENDANTS as follows:

13  1.    An order stating that WOODS is entitled to receive the Long Term Disability
14        payments that were wrongfully withheld from her by DEFENDANT, together
15        with interest at the legal rate on each monthly payment from the date it became
16        due until the date it is paid;

17  2.    An order stating that DEFENDANT must compensate WOODS for any and all
18        attorney fees she has been forced to incur to rectify the problems caused by
19        DEFENDANT'S baseless position on these issues.

20  3.    An order determining that WOODS is entitled to future payments so long as she
21        continues to meet the Plan's requirements for continued disability payments;

3

COMPLAINT FOR BENEFITS UNDER LONG-TERM
DISABILITY EMPLOYEE BENEFIT PLAN

1      4.     For reasonable attorney fees incurred in this action;

2      5.     For such other and further relief as the Court deems just and proper.

5 Dated: March 5, 2008                            DELFINO GREEN & GREEN

                                                   William Green
                                                   Attorney for Plaintiff
                                                   ASHLEY MATCHETT WOODS

4

COMPLAINT FOR BENEFITS UNDER LONG-TERM
DISABILITY EMPLOYEE BENEFIT PLAN

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

Ashley Matchet Woods **E-filing**                SUMMONS IN A CIVIL CASE

CASE NUMBER:

V.

CIGNA Group Insurance and Doremus & Company



TO: (Name and address of defendant)

CIGNA Group Insurance Company
12225 Greenville Avenue, Suite 1000
Dallas, TX 75243-9337

Doremus & Company
530 Bush Street
San Francisco, CA 94108

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William Green
DELFINO GREEN & GREEN
1010 B Street, Suite 320
San Rafael, CA 94901
(415) 442-4646

an answer to the complaint which is herewith served upon you, within ____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Richard W. Wieking
CLERK                                                                                              DATE  MAR 5 2008

_____
(BY) DEPUTY CLERK