ADRIENNE C. PUBLICOVER (SBN 161432)
CHARAN M. HIGBEE (SBN 148293)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone: (415) 433-0990
Facsimile: (415) 434-1370

Attorneys for Defendants
OMNICOM GROUP HEALTH AND
WELFARE BENEFIT PLAN AND
LIFE INSURANCE COMPANY OF NORTH AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY MATCHETT WOODS,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA GROUP INSURANCE; DOREMUS & COMPANY,<br><br>Defendants. | Case No.: CV08-01299 PJH<br><br>**DEFENDANTS OMNICOM GROUP HEALTH AND WELFARE BENEFIT PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**<br><br>Courtroom : 3<br>Floor : 17<br>Honorable Phyllis J. Hamilton<br><br>Filing Date : March 5, 2008 |

Defendants Omnicom Group Health and Welfare Benefit Plan and Life Insurance Company of North America answer the Complaint filed by plaintiff Ashley Matchett Woods in this action (hereinafter "the Complaint") as follows:

1. Answering paragraph 1 of the Complaint, defendants Omnicom Group Health and Welfare Benefit Plan and Life Insurance Company of North America (hereinafter collectively referred to as "defendants") admit that plaintiff's claims in this action are governed by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 1 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 1 of the Complaint.

2. Answering paragraph 2 of the Complaint, defendants admit, on information and belief, the allegations set forth therein.

3. Answering paragraph 3 of the Complaint, defendants deny that CIGNA Group Insurance is an ERISA plan, the administrator of an ERISA plan, and/or an employee welfare benefit plan established by plaintiff's employer Doremus & Company. Defendants admit that defendant Omnicom Group Health and Welfare Benefit Plan is an employee welfare benefit plan established by Doremus & Company. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 3 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 3 of the Complaint.

4. Answering paragraph 4 of the Complaint, defendants admit, on information and belief, that plaintiff was an employee of Doremus & Company on June 6, 2006. Defendants deny that Doremus & Company is an ERISA Plan and/or an employee welfare benefit plan. Defendants admit that defendant Omnicom Group Health and Welfare Benefit Plan is an employee welfare benefit plan and that plaintiff was a participant in this plan on or about June 6, 2006. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 4 for an answer to be made and,

upon that ground, deny each and every remaining allegation set forth in paragraph 4 of the Complaint.

5. Answering paragraph 5 of the Complaint, defendants admit that plaintiff was a participant in the Omnicom Group Health and Welfare Benefit Plan on June 6, 2006. Defendants admit, on information and belief, that plaintiff was a resident of Marin County, California. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 5 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 5 of the Complaint.

6. Answering paragraph 6 of the Complaint, defendants admit that defendant Omnicom Group Health and Welfare Benefit Plan (hereinafter "the Plan") provides disability insurance to eligible employees of Doremus & Company pursuant to the terms and provisions of the Plan and the terms and provisions of the group policy of insurance issued by defendant Life Insurance Company of North America ("LINA"), Policy No. LK-960558. Defendants admit that the terms of LINA Policy No. LK-960558 speak for themselves. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 6 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, defendants admit, on information and belief, that plaintiff worked as an account director at Doremus & Company prior to June 6, 2006. Defendants deny that plaintiff is and/or was disabled under the terms of the Plan and/or the subject group policy issued by LINA, Policy No. LK-960558. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 7 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 7 of the Complaint.

8. Answering paragraph 8 of the Complaint, defendants admit that plaintiff was an eligible employee under the Plan and/or the subject group policy issued by LINA, Policy No. LK-960558 on or about June 6, 2006. Defendants deny that plaintiff is and/or was disabled under the terms of the Plan and/or LINA Policy No. LK-960558. Defendants admit that plaintiff has various medical conditions and diagnoses that are set forth in the medical records relating to plaintiff and which medical records are part of the administrative record maintained by LINA. Defendants admit that these medical records speak for themselves. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 8 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 8 of the Complaint.

9. Answering paragraph 9 of the Complaint, defendants deny that plaintiff is and/or was disabled under the terms of the Plan and/or the subject group policy issued by LINA, Policy No. LK-960558. Defendants admit that plaintiff submitted a claim for disability benefits to LINA on or about June 6, 2006. Defendants admit that plaintiff's claim for disability benefits was denied and that plaintiff appealed the denial of her claim for disability benefits. Defendants admit that the decision to deny plaintiff's claim for disability benefits was upheld after each and every appeal made by plaintiff. Defendants deny that the denial of plaintiff's claim for disability benefits was wrongful. Defendants admit that no disability benefits have been paid to plaintiff under the subject group policy issued by LINA, Policy No. LK-960558. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 9 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 9 of the Complaint.

10. Answering paragraph 10 of the Complaint, defendants deny each and every allegation contained therein.

11. Answering paragraph 11 of the Complaint, defendants admit that plaintiff has not been paid any disability benefits under the subject group policy issued by LINA, Policy No. LK-960558. Defendants deny that plaintiff is and/or was entitled to any disability benefits under Policy No. LK-960558 and/or the Plan. Except as expressly admitted or denied, defendants deny each and every remaining allegation set forth in paragraph 11 of the Complaint.

12. Answering paragraph 12 of the Complaint, defendants admit, on information and belief, that plaintiff has retained an attorney to represent her in this action. Defendants deny that plaintiff is entitled to an award of attorney's fees in this action. Except as expressly admitted or denied, defendants deny each and every remaining allegation set forth in paragraph 12 of the Complaint.

13. Answering paragraph 13 of the Complaint, defendants deny each and every allegation contained therein.

14. Answering paragraph 14 of the Complaint, defendants admit that a controversy exists between them and plaintiff regarding whether she is entitled to receive disability benefits under the terms of the Plan and/or the subject group policy issued by LINA, Policy No. LK-960558. Defendants deny that benefits have been wrongfully withheld from plaintiff and deny that plaintiff is entitled to an award of attorney's fees in this action. Defendants deny that they have taken any baseless positions. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 14 for an answer to be made, and upon that ground, deny each and every remaining allegation set forth in paragraph 14 of the Complaint.

15. Answering paragraph 15 of the Complaint (erroneously numbered as paragraph 14), defendants deny that plaintiff is entitled to any disability benefits under the terms of the Plan and/or the subject group policy issued by LINA, Policy No. LK-960558. Defendants deny that any disability benefits have been wrongfully withheld from plaintiff and deny that they must

compensate plaintiff for any attorney's fees that she has incurred. Defendants deny that they have taken any baseless positions. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 15 for an answer to be made, and upon that ground, deny each and every remaining allegation set forth in paragraph 15 of the Complaint.

16. Answering the prayer for relief alleged in the Complaint (hereinafter "prayer for relief"), defendants deny that plaintiff is entitled to the relief requested therein. Defendants specifically respond to the prayer for relief as follows:

1. Answering paragraph 1 of the prayer for relief, defendants deny that plaintiff is entitled to the relief requested therein.

2. Answering paragraph 2 of the prayer for relief, defendants deny that plaintiff is entitled to the relief requested therein.

3. Answering paragraph 3 of the prayer for relief, defendants deny that plaintiff is entitled to the relief requested therein.

4. Answering paragraph 4 of the prayer for relief, defendants deny that plaintiff is entitled to the relief requested therein.

5. Answering paragraph 5 of the prayer for relief, defendants deny that plaintiff is entitled to the relief requested therein.

## AFFIRMATIVE DEFENSES

17. As a first affirmative defense, defendants allege that neither the Complaint, nor any claim for relief therein, state facts sufficient to state a claim against defendants or either of them.

18. As a second affirmative defense, defendants allege that plaintiff has failed to satisfy all conditions precedent, subsequent, and/or concurrent to the receipt of disability benefits under the subject group policy issued by LINA, Policy No. LK-960558, and/or the Plan.

19. As a third affirmative defense, defendants allege that plaintiff was not and/or is not eligible for disability benefits under the Plan and/or the subject group policy issued by LINA, Policy No. LK-960558, because she has failed to demonstrate that she meets the requisite definition of disability.

20. As a fourth affirmative defense, defendants allege that plaintiff has failed to comply with the terms of the subject group policy issued by LINA, Policy No. LK-960558, and/or the Plan, and that, accordingly, plaintiff's claim for disability benefits is barred.

21. As a fifth affirmative defense, defendants allege that the Plan confers discretionary authority on LINA to interpret the terms of the subject group policy (Policy No. LK-960558), to make factual findings, and to determine eligibility for disability benefits. Accordingly, the arbitrary and capricious standard of review applies to the claim decision that is the subject of this action.

22. As a sixth affirmative defense, defendants allege that the claim decision was not made in an arbitrary and/or capricious manner.

23. As a seventh affirmative defense, defendants allege that the claim decision (denying plaintiff disability benefits under the Plan and/or under LINA Policy No. LK-960558) was correct, proper and reasonable.

24. As an eighth affirmative defense, defendants allege that plaintiff is not entitled to disability benefits under the terms of either the Plan and/or the subject group policy issued by LINA (Policy No. LK-960558).

25. As a ninth affirmative defense, defendants allege that, if the Court should determine that plaintiff was and/or is disabled pursuant to the terms of the subject group policy (LINA Policy No. LK-960558), which defendants dispute and deny, LINA is entitled to offsets for other income received by plaintiff, including but not limited to Social Security disability, state paid disability, worker's compensation, and other group disability benefits.

26. As a tenth affirmative defense, defendants allege that, by plaintiff's conduct or that of her agents, plaintiff has waived, or is estopped to assert, every claim for relief against defendants set forth in the Complaint.

27. As an eleventh affirmative defense, defendants allege that the relief that plaintiff seeks in this action is limited and governed by the provisions of ERISA.

28. Defendants reserve the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, defendants pray for judgment as follows:

1. That plaintiff take nothing by reason of her Complaint on file herein and that judgment be awarded in favor of defendants Omnicom Group Health and Welfare Benefit Plan and Life Insurance Company of North America;

2. That any declaration of rights and obligations made by this Court state and declare that plaintiff is not entitled to any disability benefits from defendant Life Insurance Company of North America and/or defendant Omnicom Group Health and Welfare Benefit Plan, under the subject group policy of insurance or the Plan;

3. That defendants be awarded their attorney's fees, costs, and expenses incurred in this action; and

4. That defendants recover such other and further relief as the Court may deem just and proper.

Date: April 30, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: */s/ Charan M. Higbee*
ADRIENNE C. PUBLICOVER
CHARAN M. HIGBEE
Attorneys for Defendants
OMNICOM GROUP HEALTH AND WELFARE BENEFIT PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA

**CERTIFICATE OF SERVICE**
*Ashley Matchett Woods v. CIGNA Group Insurance, et al.*
*USDC NDCA Case #CV08-01299 PJH*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**DEFENDANTS OMNICOM GROUP HEALTH AND WELFARE BENEFIT PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA'S ANSWER TO COMPLAINT**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_: **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_☐_: **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_☐_: **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_☐_: **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

William Green, Esq.
DELFINO, GREEN & GREEN
1010 B Street, Suite 320
San Rafael, CA 94901
Tel: (415) 442-4646
Fax: (415) 442-4802

***Attorneys for Plaintiff***
***ASHLEY MATCHETT WOODS***

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **April 30, 2008** at San Francisco, California.

Nancy Li